## Case No. 3,944.

### DOBBINS et al. v. BRADLEY.

[4 Cranch, C. C. 298.][1]

Circuit Court, District of Columbia. March Term, 1833.

NEGOTIABLE INSTRUMENTS—GUARANTY—NOTICE TO GUARANTOR.

1. A guaranty of paper payable at the Branch Bank at Washington, does not cover a note dated in New York and not made payable at that bank.

2. When credit is given upon a guaranty, notice thereof should be given to the guarantor in a reasonable time thereafter. When six months' credit was given upon the guaranty, five days' notice was held to be too short.

Assumpsit, on the defendant's letter of guaranty dated in Washington, D. C., June 27th, 1827, in these words: "I hereby engage to guarantee the payment of his (Mr. Andrew Smith's) paper payable at the Branch Bank here, not exceeding $5,000, at such dates as he may find expedient." On the 1st of October, 1828, Mr. Coxe, the plaintiff's counsel, wrote a letter to Mr. Bradley, informing him that the note of Mr. Smith, dated April 3d, 1828, at six months, for $3,344.57, would become due on the 6th of October, 1828; and that it was given for goods had upon his guaranty. The note was not made payable at the Branch Bank at Washington. It is dated at "New York, April 3d, 1828. Six months after date I promise to pay to the order of Dobbins and Evans, thirty-three hundred and forty-four dollars and fifty-seven cents, value received. Andrew Smith." Indorsed, "Dobbins & Evans."

Mr. Jones, for defendant, prayed the court to instruct the jury, that upon the plaintiff's evidence he cannot recover in this action. This note is a New York contract, and carries seven per cent. interest. The guaranty was of the paper of Mr. Smith, "payable at the Branch Bank here;" which is a very different contract from a sale of goods in New York. Notice of the acceptance of the guaranty was not given until five days before the

note became payable, although the goods were furnished and the note given in April, six months before the notice. It should have been given immediately, or as soon after the credit given as it could conveniently be given. Douglass v. Reynolds, 7 Pet. [32 U. S.] 113; Russell v. Clark, 7 Cranch [11 U. S.] 69; Cremer v. Higginson [Case No. 3,383]; Fell, Guar. 128; Norton v. Eastman, 4 Greenl. 521; Ludlow v. Simond, 2 Caines, Cas. 1, 33, 44, 56, 63; Lanusse v. Barker, 3 Wheat. [16 U. S.] 101; Pearsall v. Summersett, 4 Taunt. 593. The letter from Mr. Bradley to Mr. Smith inclosing the letter of guaranty, was shown to the plaintiffs at the same time, as appears by Mr. Coxe's letter to Mr. Bradley. The letter to Mr. Smith limits the guaranty to Mr. Smith's fall supply of goods.

Mr. Coxe and Mr. Key, for plaintiffs, contended that this was a general, absolute, and continuing guaranty, and that notice is only necessary where it is a mere offer to guarantee. There it must be accepted, and notice given before it can amount to a contract. This note was payable at the Branch Bank, at Washington, for it was payable anywhere, and was placed in that bank for collection before it was due. The contract was not that the paper should appear upon its face to be payable at that bank; it is sufficient that it was placed there for collection. They cited Fell, Guar. 59, 129; Duval v. Trask, 12 Mass. 154; Lawrason v. Mason, 3 Cranch [7 U. S.] 492; Bastow v. Bennett, 3 Camp. 220; Ludlow v. Simond, 2 Caines, Cas. 1; Fell, Guar. 123, 143; Lanussee v. Barker, 3 Wheat. [16 U. S.] 128; Russell v. Clark, 7 Cranch [11 U. S.] 69; Simmons v. Keating, 2 Starkie, 426.

THE COURT (THRUSTON, Circuit Judge, not sitting in this cause, being connected with the defendant) stopped the counsel of the defendant, in reply, and

CRANCH, Chief Judge, said the case seemed very clear to the court on both points.

1. The note is not a paper made payable at the Branch Bank at Washington, and, therefore, not within the terms of the guaranty.

2. That the guaranty is neither absolute nor definite, and, therefore, notice ought to have been given in a reasonable time after the credit was given.

The plaintiffs had leave to amend their declaration, but afterwards dismissed their suit.

DOBBINS (UNITED STATES v.). See Case No. 14,971.

DOBBINS (WATSON v.). See Case No. 17,281.

DOBBS (UNITED STATES v.). See Case No. 14,972.

DOBIE (GIBSON v.). See Case No. 5,394.

DOBSON (CALLOWAY v.). See Case No. 2,325.

[1] [Reported by Hon. William Cranch, Chief Judge.]